IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A.I., a minor, by and through H.I.
and S.I., his parents,

      Plaintiff,                              Hon.
                                                  Case No.

v

TROY SCHOOL DISTRICT,
TROY SCHOOL DISTRICT BOARD
OF EDUCATION, RICHARD
MACHESKY, Superintendent of the Troy
School District, in his individual and
official capacity, CHRISTINE DIPILATO,
Assistant Superintendent of Secondary
Instruction, in her individual and official
capacities, VERNON BURDEN, Principal of
Troy Athens High School, in his individual
and official capacity, MEGAN HENRY,
Assistant Principal of Troy Athens High School,
in her individual and official capacities, and
J.W., the parent of J.M., jointly and severally,

      Defendants.

_____

MICHAEL D. WEAVER (P43985)
FLOOD LAW, PLLC
Attorney for Plaintiff
155 West Congress Street, Suite 350
Detroit, Michigan 48226
(313) 546-0359
mweaver@floodlaw.com

_____

**COMPLAINT**

## THE PARTIES

1.      Plaintiff A.I., is a 16-year-old minor, a student within the Troy School District, and a citizen of the state of Michigan who resides in the City of Troy, Oakland County, Michigan.

2.      Plaintiffs H.I. and S.I. are the parents of Plaintiff A.I., both of whom are citizens of the state of Michigan and reside in the City of Troy, Oakland County, Michigan.

3.      Defendant Troy School District (hereinafter "TSD") is a public school district authorized under the laws of the state of Michigan and operates Troy Athens High School pursuant to state statute and regulations, with its principal place of business located at 4400 Livernois, Troy, Michigan 48098.  At all material times hereto, TSD acted under color of state law.

4.      Defendant Troy School District Board of Education (hereinafter "The Board"), is a public governmental body operating in Oakland County, Michigan, with its principal place of business located at 4400 Livernois, Troy, Michigan 48098, and through its agents, servants, and/or employees, is engaged in, among other things, the management and administration of the public schools within the borders of the City of Troy, and at all material times hereto, acted under color of state law.

5.      Defendant Richard Machesky (hereinafter "Machesky"), is employed by the TSD as the Superintendent of the Troy School District and at all material times hereto acted under color of state law. Defendant Machesky is being sued in his individual and official capacities.

6.      Defendant Christine DiPilato (hereinafter "DiPilato"), is employed by the TSD as Assistant Superintendent of Secondary Instruction and at all material times hereto acted under color of state law. Defendant DiPilato is being sued in her individual and official capacities.

7.      Defendant Vernon Burden (hereinafter "Burden"), is employed by the TSD as Principal of Troy Athens High School and at all material times hereto acted under color of state law. Defendant Burden is being sued in his individual and official capacities.

8.      Defendant Megan Henry (hereinafter "Henry"), is employed by the TSD as Assistant Principal of Troy Athens High School and at all material times hereto acted under color of state law. Defendant Henry is being sued in her individual and official capacities.

9.      Defendant J.W. is the parent of J.M., a minor, and was and is a citizen of the State of Michigan who resides in Oakland County, Michigan.

## JURISDICTION AND VENUE

10.    This action arises under the Fourteenth Amendment to the United States Constitution, the Civil Rights Act of 1872, 42 U.S.C. §§ 1983, 1985, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and the Constitution and laws of the state of Michigan.

11.    This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 1367.

12.    Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

13.    The amount in controversy of this cause of action exceeds Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees.

## FACTUAL BACKGROUND

14.    On January 9, 2026, Plaintiff A.I., a white male, was a student at Troy Athens High School, and was standing with another white male student who was involved in an argument with J.M., a black male student.  At all material times hereto, Plaintiff A.I. was on crutches.

15.    Plaintiff A.I. did not participate in the argument between the other student and J.M. but was simply a bystander.

16.     The argument concluded without incident and both of the other students went their separate ways, while Plaintiff A.I. remained generally in the same area, seated on a couch.

17.     Minutes later, J.M. returned to the area where Plaintiff A.I. was sitting and began accosting him.

18.     Plaintiff A.I. remained seated and told J.M. that J.M. would not say those same things if the other student, with whom J.M. previously argued, was present.

19.     In response, and without any provocation, J.M. began to strike Plaintiff A.I. in the face, while Plaintiff A.I. remained seated and did not fight back.

20.     At no time during his interaction with J.M. did Plaintiff A.I. make any racial comments.

21.     All of the incidents described above were captured on video and the video was reviewed by various school officials, including Defendants prior to any disciplinary action.

22.     Approximately 30 minutes later, Plaintiff A.I. told some of his friends about the incident, and Plaintiff A.I. and his friends, all of whom were white males, went to the gymnasium.  J.M. was also in the gymnasium.

23.     Plaintiff A.I.'s friends spoke with J.M., and while they were speaking, J.M. sucker-punched one of Plaintiff A.I.'s friends, knocking him to the ground.

24.     J.M., then, looked at Plaintiff A.I., who was on crutches, and said, "Do you want some!"  J.M. then left the scene.

25.     Plaintiff A.I. was not involved in the physical altercation between J.M. and Plaintiff A.I.'s friend.

26.     All of the events described above that took place in the gymnasium were captured on video, which was reviewed by the Defendants prior to any disciplinary action.

27.     Plaintiff A.I., J.M., and Plaintiff A.I.'s friends who were in the gymnasium were all sent home following the fight.

28.     Shortly after the incident in the gymnasium, Defendant Assistant Principal Henry informed Plaintiff A.I. and his parents that Plaintiff A.I. would receive "Saturday School Detention" as a result of him "skipping class" during the time that he was seated on the couch and assaulted by J.M..  Defendant Henry assured Plaintiff A.I.'s parents that Plaintiff A.I. did nothing else wrong with respect to either of the two incidents that occurred that day.

29.     That same day, J.M. posted a video on Instagram in which he stated that he was "tired of these white kids."  One of the comments to his post was "you been like this since a kid they better stop playing."

30.     On January 11, 2026, however, J.M.'s mother, Defendant J.W., posted the video of the fight in the gymnasium on various platforms of social media,

claiming that J.M. struck the white student because J.M. was racially harassed and specifically, because Plaintiff A.I. called J.M. racial slurs.

31. The video posted by Defendant J.W. went viral on various social media platforms and many viewers left comments demanding that Plaintiff A.I. be punished. Some commenters instructed that they would be calling the school to insist that the school punish Plaintiff A.I. more than any punishment that J.M. receives.

32. At approximately 8:30 a.m., on January 12, 2026, while Plaintiff A.I. was at school, Defendant Henry called Plaintiff A.I.'s parents and instructed them to pick Plaintiff A.I. up from school so that he could "take the day off" so that "things can calm down." During her discussion with Plaintiff A.I.'s parents Defendant Henry, again, assured Plaintiff A.I.'s parents that Plaintiff A.I. did nothing wrong on January 9, other than skip class while sitting on the couch.

33. During that same discussion, Defendant Henry told Plaintiff A.I.'s parents that the administration did its investigation and strongly believes that Plaintiff A.I. has never made any racial comments to J.M..

34. When H.I. went to the school to pick up Plaintiff A.I., Defendant J.W. was present in the office and could be heard yelling at the administrators.

35. Defendant Henry told H.I. to keep Plaintiff A.I. home for two days and that such action was not a suspension, but a "precaution."

7

36.     On January 13, 2026, Fox 2 News came to Troy Athens and conducted interviews regarding the fight in the gymnasium.

37.     Shortly after Fox 2 News conducted its interview, Defendant Principal Burden authored an "Out of School Suspension Agreement," documenting that Plaintiff A.I. would be suspended from school from January 12 through January 16.  The purported basis for the suspension was "Disruption of the Educational Process during a physical altercation in the gym."

38.     The Fox 2 News interview aired on the evening of January 13, 2026, which included claims of racism, yet each administrator or school official reported that no racial statements were made by Plaintiff A.I. nor any white students involved in either of the incidents of January 9, 2026.

39.     On January 16, 2026, Plaintiff A.I. and his parents attended a formal disciplinary hearing with Defendants Burden and Henry.  During that hearing, Defendants instructed that Plaintiff A.I. would not only be suspended for 10 days, but was forced to leave Athens High School and attend the Troy College & Career High School for the second semester of the 2025-2026 school year.

40.     On January 27, 2026, Plaintiff A.I. and his parents appealed the January 16, 2026, suspension and expulsion.  The appeal was heard by Defendants Burden and Assistant Superintendent DiPilato.

41. The appeal was unsuccessful, as outlined in a letter dated January 30, 2026, and authored by Defendant DiPilato, in which she states that Plaintiff A.I.' was given a "10 day suspension and change of placement for [Plaintiff A.I.] for insiting [sic] a fight in the gymnasium and creating an unsafe school environment (disrupting the educational process)."

42. Despite the Defendants knowledge that Plaintiff A.I. (1) never made any racial statement toward J.M., (2) J.M. having struck two students on January 9, 2026, one of which was unquestionably unprovoked, (3) J.M. being criminally prosecuted for each of the physical altercations that occurred on January 9, 2026, (4) upon information and belief, J.M. having a criminal history, and (5) upon information and belief, J.M. having not only a significant disciplinary history, but a failed attempt at education at Niles High School, a school within the TSD known for taking the worst of the student population, J.M. was given only a short suspension and allowed to remain as a student at Troy Athens High School.

43. At the appeal hearing before Defendant DiPilato, Defendant DiPilato informed Plaintiff A.I. and his parents that her decision was final.

COUNT I – VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BROUGHT PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS TSD, THE BOARD, MACHESKY, DIPILATO, BURDEN AND HENRY.

44. Plaintiff reincorporates and realleges the preceding allegations as if fully set forth herein.

45. Among other protections, The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits discrimination by state actors against students in public schools based upon the student's race, sex, national origin or disability.

46. Those rights secured by the Fourteenth Amendment to the United States Constitution are applicable to Plaintiff, as a student in a public school operated, managed and controlled by Defendants.

47. Redress for governmental violations of Plaintiff's rights secured by the Fourteenth Amendment is provided by 42 U.S.C. § 1983.

48. Defendants owed Plaintiff a duty to comply with the Fourteenth Amendment to the United States Constitution, and specifically, a duty not to discriminate against Plaintiff on the basis of his race.

49. Defendants violated their duties owed to Plaintiff under the Fourteenth Amendment to the United States Constitution by discriminating against him because of his race, being a white male.

50. Specifically, the motivating factor behind Defendants' decision and real reason that the Plaintiff was expelled from Troy Athens High School is because he is a white male.

51.     Plaintiff, who did not strike anyone on January 9, 2026, and did not use any racially offensive language toward J.M. was expelled from Troy Athens High School, while J.M., who struck two students at different times that day, received a lesser punishment than Plaintiff.

52.     Though the Defendants attempt to justify expelling Plaintiff based upon a history of disciplinary violations, such claim is simply a pretext for intentional discrimination, as evidenced by a comparison of the disciplinary and criminal histories of Plaintiff and J.M., as well as the fact that J.M. physically attacked two students (including Plaintiff) on January 9, 2026, while Plaintiff never struck any student nor made any racial comments.  Indeed, J.M. has been criminally charged for each altercation that occurred that day.

53.     These decisions constitute a custom or policy on the part of the Defendants that adopted and ratified the discrimination suffered by Plaintiff.

54.     These decisions were made by a person who, as was told to Plaintiff, had final decision-making authority over the matter.

55.     As a direct and proximate result of Defendants' violation Plaintiff's rights secured by the Fourteenth Amendment to the United States Constitution, Plaintiff has suffered damages, including, but not limited to an infringement upon his Constitutional rights, psychological injury, physical injury, emotional injury,

embarrassment and humiliation, deprivation of educational opportunity and other damages which may be learned throughout discovery of this matter.

56.     Further, as a result of Defendants' violations of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, Plaintiff is entitled to an award of punitive damages, costs and attorney fees.

WHEREFORE, Plaintiff A.I. prays for an award of compensatory and punitive damages, in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees, together with an additional award of costs, interest and attorney fees, in an amount that this Honorable Court deems just.

## COUNT II – VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BROUGHT PURSUANT TO 42 U.S.C. § 1985 AGAINST ALL DEFENDANTS.

57.     Plaintiff reincorporates and realleges the preceding allegations as if fully set forth herein.

58.     Among other protections, The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits discrimination by state actors against students in public schools based upon the student's race, sex, national origin or disability.

59.     Those rights secured by the Fourteenth Amendment to the United States Constitution are applicable to Plaintiff, as a student in a public school operated, managed and controlled by Defendants.

60.     When a person's constitutional rights have been denied as a result of a conspiracy between either all state actors, or a combination of state actors and non-state actors, the proper vehicle for redress is provided by 42 U.S.C. § 1985.

61.     Defendants owed Plaintiff a duty to comply with the Fourteenth Amendment to the United States Constitution, and specifically, a duty not to conspire to discriminate against Plaintiff on the basis of his race.

62.     Defendants violated their duties owed to Plaintiff under the Fourteenth Amendment to the United States Constitution by conspiring to discriminate against him because of his race, being a white male.

63.     Specifically, the motivating factor behind Defendants' decision and real reason that the Plaintiff was expelled from Troy Athens High School is because he is a white male.

64.     Plaintiff, who did not strike anyone on January 9, 2026, and did not use any racially offensive language toward J.M. was expelled from Troy Athens High School, while J.M., who struck two students at different times that day, received a lesser punishment than Plaintiff.

13

65.     Though the Defendants attempt to justify expelling Plaintiff based upon a history of disciplinary violations, such claim is simply a pretext for intentional discrimination, as evidenced by a comparison of the disciplinary and criminal histories of Plaintiff and J.M., as well as the fact that J.M. physically attacked two students (including Plaintiff) on January 9, 2026, while Plaintiff never struck any student nor made any racial comments.  Indeed, J.M. has been criminally charged for each altercation that occurred that day.

66.     These decisions constitute a custom or policy on the part of the Defendants that adopted and ratified the discrimination suffered by Plaintiff.

67.     These decisions were made by a person who, as was told to Plaintiff, had final decision-making authority over the matter.

68.     As a direct and proximate result of Defendants' conspiracy to violate Plaintiff's rights secured by the Fourteenth Amendment to the United States Constitution, Plaintiff has suffered damages, including, but not limited to an infringement upon his Constitutional rights, psychological injury, physical injury, emotional injury, embarrassment and humiliation, deprivation of educational opportunity and other damages which may be learned throughout discovery of this matter.

69. Further, as a result of Defendants' conspiracy to violate Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, Plaintiff is entitled to an award of punitive damages, costs and attorney fees.

WHEREFORE, Plaintiff A.I. prays for an award of compensatory and punitive damages, in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees, together with an additional award of costs, interest and attorney fees, in an amount that this Honorable Court deems just.

### COUNT III—VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED 42 U.S.C. § 2000d et seq., AGAINST DEFENDANTS TSD, THE BOARD, MACHESKY, DIPILATO, BURDEN AND HENRY

70. Plaintiff realleges and reincorporates the preceding allegations as if fully set forth herein.

71. Title VI provides, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *42 U.S.C. § 2000d.*

72. Defendants owed Plaintiff a duty to comply with the mandates of Title VI of the Civil Rights Act of 1964, and specifically those contained in 42 U.S.C. §

15

2000d, which include a duty not to discriminate against Plaintiff on the basis of his race.

73.     Defendants violated their duties owed to Plaintiff under 42 U.S.C. § 2000d by discriminating against him because of his race, being a white male.

74.     Specifically, the motivating factor behind Defendants' decision and real reason that the Plaintiff was expelled from Troy Athens High School is because he is a white male.

75.     Plaintiff, who did not strike anyone on January 9, 2026, and did not use any racially offensive language toward J.M. was expelled from Troy Athens High School, while J.M., who struck two students at different times that day, received a lesser punishment than Plaintiff.

76.     Though the Defendants attempt to justify expelling Plaintiff based upon a history of disciplinary violations, such claim is simply a pretext for intentional discrimination, as evidenced by a comparison of the disciplinary and criminal histories of Plaintiff and J.M., as well as the fact that J.M. physically attacked two students (including Plaintiff) on January 9, 2026, while Plaintiff never struck any student nor made any racial comments.  Indeed, J.M. has been criminally charged for each altercation that occurred that day.

77.     These decisions were adopted and ratified by the Defendants and constitute a custom and policy of discrimination.

78. As a direct and proximate result of Defendants' violation Plaintiff's rights secured by 42 U.S.C. § 2000d, Plaintiff has suffered damages, including, but not limited to an infringement upon his rights, psychological injury, physical injury, emotional injury, embarrassment and humiliation, deprivation of educational opportunity and other damages which may be learned throughout discovery of this matter.

79. Further, as a result of Defendants' violations of Plaintiff's rights under 42 U.S.C. § 2000d, Plaintiff is entitled to an award of punitive damages, costs and attorney fees.

WHEREFORE, Plaintiff A.I. prays for an award of compensatory and punitive damages, in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees, together with an additional award of costs, interest and attorney fees, in an amount that this Honorable Court deems just.

### COUNT IV—VIOLATION OF ARTICLE I, § 26 OF THE MICHIGAN CONSTITUTION AGAINST DEFENDANTS TSD, THE BOARD, MACHESKY, DIPILATO, BURDEN AND HENRY

80. Plaintiff realleges and reincorporates the preceding allegations as if fully set forth herein.

17

81.     Article I, § 26(1) of the Michigan Constitution provides that a "school district shall not discriminate against…any individual…on the basis of race…"

82.     Defendants owed Plaintiff a duty to honor its obligations under Article I, § 26, and not to discriminate against Plaintiff on the basis of his race.

83.     When Defendants expelled Plaintiff from Troy Athens High School, their decision to do so was motivated by Plaintiff being a white male.

84.     Defendants' discriminatory animus is evident by the fact that a black male student who was involved in the same two incidents of January 9, 2026, and whose conduct that day was far more egregious than Plaintiff's was only suspended, while Plaintiff was expelled.

85.     Though the Defendants attempt to justify expelling Plaintiff based upon a history of disciplinary violations, such claim is simply a pretext for intentional discrimination, as evidenced by a comparison of the disciplinary and criminal histories of Plaintiff and J.M., as well as the fact that J.M. physically attacked two students (including Plaintiff) on January 9, 2026, while Plaintiff never struck any student nor made any racial comments.  Indeed, J.M. has been criminally charged for each altercation that occurred that day.

86.     As a direct and proximate result of Defendants' violation Plaintiff's rights secured by Article I, § 26 of the Michigan Constitution, Plaintiff has suffered damages, including, but not limited to an infringement upon his rights,

18

psychological injury, physical injury, emotional injury, embarrassment and humiliation, deprivation of educational opportunity, exemplary damages and other damages which may be learned throughout discovery of this matter.

WHEREFORE, Plaintiff A.I. prays for an award of compensatory and exemplary damages, in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees, in an amount that this Honorable Court deems just.

<u>COUNT V—VIOLATION OF MCL § 37.2101 et seq.</u>
<u>ELLIOTT-LARSEN CIVIL RIGHTS ACT AGAINST DEFENDANTS TSD, THE BOARD, MACHESKY, DIPILATO, BURDEN AND HENRY.</u>

87.     Plaintiff realleges and reincorporates the preceding allegations as if fully set forth herein.

88.     Pursuant to MCL § 37.2402, Defendants are prohibited from discriminating against an individual, and specifically, expelling an individual from school, on the basis of race.

89.     Defendants violated the prohibitions set forth in MCL § 37.2402, by intentionally discriminating against Plaintiff and expelling him from Troy Athens High School on the basis of his race.

90.     As a direct and proximate result of Defendants' violation Plaintiff's rights secured under MCL § 37.2402, Plaintiff has suffered damages, including, but

not limited to an infringement upon his rights, psychological injury, physical injury, emotional injury, embarrassment and humiliation, deprivation of educational opportunity, exemplary damages and other damages which may be learned throughout discovery of this matter.

WHEREFORE, Plaintiff A.I. prays for an award of compensatory and exemplary damages, in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees, in an amount that this Honorable Court deems just.

FLOOD LAW

BY: /s/Michael D. Weaver
MICHAEL D. WEAVER (P43985)
Attorney for Defendant
Flood Law, PLLC
155 West Congress Street, Suite 350
Detroit, MI 48226
(313)546-0359
mweaver@floodlaw.com

## JURY DEMAND

NOW COME PLAINTIFFS, H.I and S.I , by and through their attorneys, FLOOD LAW, PLLC, and hereby demand a trial by jury in this matter.

20

FLOOD LAW

BY:   /s/Michael D. Weaver
        MICHAEL D. WEAVER (P43985)
        Attorney for Defendant
        Flood Law, PLLC
        155 West Congress Street, Suite 350
        Detroit, MI 48226
        (313)546-0359
        mweaver@floodlaw.com